UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JACOBY MAIZE | CIVIL ACTION |
| VERSUS | NO. 12-2723 |
| NEWELL NORMAND, ET AL. | SECTION: "N"(1) |

## REPORT AND RECOMMENDATION

    Plaintiff, Jacoby Maize, a state pretrial detainee, filed this civil action pursuant to 42 U.S.C. § 1983. He named as defendants Jefferson Parish Sheriff Newell Normand, Sue Ellen Monfra, Jean Llovet, Ed Olson, Correcthealth Jefferson, L.L.C., Cindy Langley, J. Dibble, and unidentified nurses. In this lawsuit, plaintiff claims that he has been denied adequate medical care at the Jefferson Parish Correctional Center.

    Defendants Normand and Monfra filed a motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure.[1] The remaining defendants filed a motion to dismiss[2] which was converted into a motion for summary judgment because the defendants presented matters

---

[1] Rec. Doc. 35.

[2] Rec. Doc. 19.

outside of the complaint for the Court's consideration.[3]  See Fed.R.Civ.P. 12(d).  Plaintiff has opposed the defendants' motions.[4]

The principal purpose of Rule 56 is to isolate and dispose of factually unsupported claims. Celotex Corp. v. Catrett, 477 U.S. 317, 323-24 (1986).  In reviewing a motion for summary judgment, the Court may grant the motion when no genuine issue of material fact exists and the mover is entitled to judgment as a matter of law.  Fed.R.Civ.P. 56(c).  There is no "genuine issue" when the record taken as a whole could not lead a rational trier of fact to find for the nonmovant. Matsushita Electric Industrial Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

"Procedurally, the party moving for summary judgment bears the initial burden of informing the district court of the basis for its motion, and identifying those portions of the record which it believes demonstrate the absence of a genuine issue of material fact." Taita Chemical Co., Ltd. v. Westlake Styrene Corp., 246 F.3d 377, 385 (5th Cir. 2001) (quotation marks and brackets omitted). The party opposing summary judgment must then "go beyond the pleadings and by [his] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" Celotex Corp., 477 U.S. at 324 (quoting Fed.R.Civ.P. 56); see also Provident Life and Accident Ins. Co. v. Goel, 274 F.3d 984, 991 (5th Cir. 2001).  The Court has no duty to search the record for evidence to support a party's opposition to summary judgment; rather, "[t]he party opposing summary judgment is required to identify specific evidence in the record and to articulate the precise manner in which the evidence

---

[3]  Rec. Doc. 22.

[4]  Rec. Doc. 40.

supports his or her claim." Ragas v. Tennessee Gas Pipeline Co., 136 F.3d 455, 458 (5th Cir. 1998). Conclusory statements, speculation, and unsubstantiated assertions are not competent summary judgment evidence and will not suffice to defeat a properly supported motion for summary judgment. Id.; Douglass v. United Servs. Auto Ass'n, 79 F.3d 1415, 1429 (5th Cir. 1996).

In their motions, the defendants argue that plaintiff's federal claims fail on several bases, including that there simply has been no underlying constitutional violation in this case. For the following reasons, the Court finds that the defendants are clearly correct on that point. In light of that fact, and because that alone provides a sufficient basis for judgment in defendants' favor, the Court need not and does not reach the alternative bases argued in the motions.

In the instant case, plaintiff claims that he was not provided with adequate medical care for a fractured finger and, as a result, suffered needless pain and will perhaps require corrective surgery to return his finger to normal. However, to the extent that he is asserting claims under federal law, it must be noted that his right to medical care under the United States Constitution is extremely limited. Specifically, regardless of whether an inmate is a pretrial detainee or a convicted prisoner, his constitutional right to medical care is violated *only* if his serious medical needs are met with deliberate indifference on the part of penal authorities. See Thompson v. Upshur County, Texas, 245 F.3d 447, 457 (5th Cir. 2001); Harris v. Hegmann, 198 F.3d 153, 159 (5th Cir. 1999).

The United States Fifth Circuit Court of Appeals has explained that "[a] serious medical need is one for which treatment has been recommended or for which the need is so apparent that even laymen would recognize that care is required." Gobert v. Caldwell, 463 F.3d 339, 345 n.12 (5th Cir. 2006). Even if the Court assumes for the purposes of this decision that a fractured finger constitutes

3

a "serious medical need," a point disputed by at least defendants Normand and Monfra,[5] plaintiff's claims still fail because there clearly was no deliberate indifference here for the following reasons.

Regarding the "deliberate difference" requirement, the United States Fifth Circuit Court of Appeals has explained:

> Deliberate indifference is an extremely high standard to meet. It is indisputable that an incorrect diagnosis by prison medical personnel does not suffice to state a claim for deliberate indifference. Rather, the plaintiff must show that officials refused to treat him, ignored his complaints, intentionally treated him

---

[5] In support of their position, Normand and Monfra cite Griffin v. Gusman, Civ. Action No. 09-6757, 2010 WL 1726896 (E.D. La. Mar. 31, 2010), adopted, 2010 WL 1726892 (E.D. La. Apr. 28, 2010). In Griffin, the plaintiff entered the jail with healed fractures to his hand and leg which caused pain and deformity. He claimed that he received inadequate medical care for those injuries while incarcerated. In a Report and Recommendation subsequently adopted by United States District Judge Martin L.C. Feldman, United States Magistrate Judge Joseph C. Wilkinson, Jr., observed:

> Plaintiff's complaints do not rise to the level of *serious* medical needs for purposes of constitutional analysis. See Nance v. Kelly, 912 F.2d 605, 607-08 (2d Cir. 1990) (Pratt, J., dissenting) ("conditions that have been held to fall short of the constitutional standard" of a serious medical need include a broken pin setting an injured shoulder, Wood v. Housewright, 900 F.2d 1332 (9th Cir. 1990); a mild concussion and broken jaw, Jones v. Lewis, 874 F.2d 1125 (6th Cir. 1989)); Dickson v. Colman, 569 F.2d 1310, 1311 (5th Cir. 1978) (inmate who had full range of motion in his shoulder despite continuing pain from old injury did not have serious medical need); Duncan v. Owens, No. 05-5066, 2006 WL 1999166, at *4 (W.D. Ark. July 17, 2006) ("A broken finger is not an objectively serious medical need.... [Plaintiff's] only visible symptom ... was a swollen finger, and the x-rays ... showed only degenerative joint damage with the possibility of an old, healed fracture. A finger in such a condition, broken or not, is not a serious medical condition."); Rivera v. Johnson, No. 95-CV0845E(H), 1996 WL 549336, at *2 (W.D.N.Y. Sept. 20, 1996) ("Prison inmates suffering from ailments such as ... a broken finger have all been held to fail to satisfy the constitutional serious-medical-need standard.... A broken finger, without more, simply does not present a condition of urgency ... which correspondingly merits constitutional protection.").

Griffin, 2010 WL 1726896, at *5.

4

> incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs. Furthermore, the decision whether to provide additional treatment is a classic example of a matter for medical judgment. And, the failure to alleviate a significant risk that the official should have perceived, but did not is insufficient to show deliberate indifference.

Domino v. Texas Department of Criminal Justice, 239 F.3d 752, 756 (5th Cir. 2001) (quotation marks, brackets, and citations omitted). "Deliberate indifference encompasses only unnecessary and wanton infliction of pain repugnant to the conscience of mankind." McCormick v. Stalder, 105 F.3d 1059, 1061 (5th Cir. 1997); see also Stewart v. Murphy, 174 F.3d 530, 534 (5th Cir. 1999).

In his complaint, plaintiff acknowledges that he in fact received medical care. For example, he concedes, and the medical records submitted by the defendants show, that his hand was x-rayed on several occasions,[6] he was evaluated by Correcthealth staff numerous times, he was referred for outside evaluation at least once, and he received prolonged treatment with pain relievers. "Medical records of sick calls, examinations, diagnoses, and medications may rebut an inmate's allegations of deliberate indifference." Banuelos v. McFarland, 41 F.3d 232, 235 (5th Cir. 1995) ("Medical records of sick calls, examinations, diagnoses, and medications may rebut an inmate's allegations of deliberate indifference.").

Simply put, this is not a case where officials ignored an inmate's requests for treatment, refused to provide such treatment, or intentionally provided incorrect treatment. Rather, it is a routine case where the inmate merely disagrees with the treatment provided. However, an inmate's

---

[6] The records contain radiology reports dated July 18, 2011, January 30, 2012, September 14, 2012, and January 19, 2013.

disagreement with his medical treatment does not constitute deliberate indifference. Gobert, 463 F.3d at 346.

Further, while plaintiff clearly believes he should have been provided *additional* care, "the question of whether ... additional ... forms of treatment is indicated is a classic example of a matter for medical judgment." Estelle v. Gamble, 429 U.S. 97, 107 (1976). Generally, such matters of professional medical judgment are better left to the medical expertise of physicians rather than to the legal expertise of judges. Federal courts are therefore loath to second-guess such medical decisions in federal civil rights actions. Westlake v. Lucas, 537 F.2d 857, 860 n.5 (6th Cir. 1976) ("Where a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law."); Castro v. Louisiana, Civ. Action No. 08-4248, 2008 WL 5169401, at *4 (E.D. La. Dec. 8, 2008) ("[M]edical judgments are not to be lightly second-guessed in a federal civil rights action."). There is no basis whatsoever to engage in such second-guessing here.

This is true even if the medical treatment plaintiff received was in fact subpar as he alleges. The federal constitution does not require that inmates receive optimal care, and the fact that an inmate's medical treatment "may not have been the best money could buy" is insufficient to establish a federal violation. Mayweather v. Foti, 958 F.2d 91 (5th Cir. 1992); see also Gobert, 463 F.3d at 349 ("[D]eliberate indifference exists wholly independent of an optimal standard of care."); McMahon v. Beard, 583 F.2d 172, 174 (5th Cir. 1978). Indeed, the federal constitution does not require even that an inmate's medical care be free from negligence or medical malpractice. Hall v. Thomas, 190 F.3d 693, 697-98 (5th Cir. 1999); see also Kelly v. Gusman, Civ. Action No. 07-611,

6

2007 WL 2007992, at *4 (E.D. La. July 5, 2007); Cerna v. Texas Tech Medical Staff, No. 2:03-CV-0322, 2004 WL 42602, at *2 (N.D. Tex. Jan. 7, 2004).

In summary, while it is unfortunate that plaintiff's treatment may have been unsuccessful and that pain may have persisted despite treatment, those facts are insufficient to prove deliberate indifference. Gobert, 463 F.3d at 346; Williams v. Chief of Medical Operations, Tarrant County Jail, No. 94-10115, 1994 WL 733493, at *2 (5th Cir. Dec. 27, 1994); Kron v. Tanner, Civ. Action No. 10-518, 2010 WL 3199854, at *7 (E.D. La. May 19, 2010), adopted, 2010 WL 3171040 (E.D. La. Aug. 6, 2010).

For all of the foregoing reasons, plaintiff's claims that his federal constitutional rights were violated in this case have no merit and the defendants are entitled to judgment as a matter of law on such claims.

In his complaint, plaintiff also asserts claims under state law. In their motion, defendants Llovet, Olson, Correcthealth Jefferson, L.L.C., Langley, Dibble, and the unidentified nurses argue that any state law claims are premature because plaintiff has not complied with the state laws governing assertion of medical malpractice claims. On the other hand, Normand and Monfra argue in their motion that they have no obligation whatsoever to provide medical care at the jail, in that such care is the sole responsibility of the Parish of Jefferson through its contractor, Correcthealth Jefferson, L.L.C. However, those issues need not be reached in this case. Instead, the Court may decline to consider any plaintiff's state law claims in light of the fact that all of his federal claims should be dismissed for the reasons discussed in this opinion. See 28 U.S.C. § 1367(c)(3) ("The district courts may decline to exercise supplemental jurisdiction over a claim ... if ... the district court

has dismissed all claims over which it has original jurisdiction ...."); see also Jackson v. Mizzel, 361 Fed. App'x 622, 627 (5th Cir. 2010) ("Because [the plaintiff] states not one valid federal claim, the district court properly declined jurisdiction over his Louisiana causes of action."); Bass v. Parkwood Hospital, 180 F.3d 234, 246 (5th Cir. 1999) ("When a court dismisses all federal claims before trial, the general rule is to dismiss any pendent claims."). If plaintiff wishes to pursue claims under state law, he should be required to do so in the state courts.

## RECOMMENDATION

It is therefore **RECOMMENDED** that the defendants' motions for summary judgment, Rec. Doc. 19 and 35, be **GRANTED IN PART AND DENIED IN PART**. It is **RECOMMENDED** that the motions be granted with respect to plaintiff's federal civil rights claims and that those claims be **DISMISSED WITH PREJUDICE**. It is **RECOMMENDED** that the motions be **DENIED** with respect to plaintiff's state law claims; however, it is further **RECOMMENDED** that those claims nevertheless be **DISMISSED WITHOUT PREJUDICE** to their being asserted in the state courts.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from

a failure to object.  28 U.S.C. § 636(b)(1); <u>Douglass v. United Services Auto. Ass'n</u>, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).[7]

New Orleans, Louisiana, this eleventh day of March, 2013.

**SALLY SHUSHAN**
**UNITED STATES MAGISTRATE JUDGE**

---

[7] <u>Douglass</u> referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend that period to fourteen days.